UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **GLENBROOK ESTATES, INC., et al.,** | : | Civil Action No. 07-678(JAP) |
| Plaintiffs, | : | |
| v. | : | |
| **WAUSAU INSURANCE COMPANIES,** | : | |
| Defendant. | : | |
| v. | : | |
| **EDITH WATSTEIN, LEONARD R. FELLEN, and BARBARA S. FELDMAN,** | : | |
| Additional Defendants on the Counterclaims. | : | **M E M O R A N D U M   O P I N I O N** |
| **EMPLOYERS INSURANCE COMPANY OF WAUSAU,** | : | |
| Third-Party Plaintiff, | : | |
| v. | : | |
| **VIRGINIA SURETY COMPANY, INC.,** | : | |
| Third-Party Defendant. | : | |

**HUGHES, U.S.M.J.**

**I.     INTRODUCTION**

    This matter has come before the Court upon Motion by Plaintiffs Glenbrook Estates, et al. ("Plaintiffs") to stay the Declaratory Judgment action in federal court pending the resolution of

1

the underlying state law action [dkt. entry no. 40], returnable November 19, 2007. A conference call between the parties was held on September 27, 2007, where the Court recommended that the parties consider an administrative dismissal of this action. Although this option was amenable to Plaintiffs, ultimately, the parties could not agree. This Motion followed. For the reasons stated herein, Plaintiffs' Motion to stay the Declaratory Judgment action is granted.[1]

## II.   BACKGROUND

### A.   Factual Background

Plaintiff Glenbrook Estates, Inc. was the builder and developer of a condominium complex known as Glenbrook Estates. The individual plaintiffs are shareholders in Glenbrook Estates, Inc. Construction was completed on Glenbrook Estates in 1998, and a sufficient number of individuals purchased units in the complex for the developer to turn over control to the condominium association by late 2001.

In late 2005, a lawsuit was commenced by the Glenbrook Condominium Association, Inc. against the Plaintiffs and all contractors and subcontractors who were believed to have worked on the development, seeking recovery for, among other things, alleged defective construction in the common elements of the community. That action is captioned as *Glenbrook Condominium Association, Inc. v. Glenbrook Estates, et al.*, Docket Number MON-L-1924-05 ("the state case") in the Superior Court of New Jersey.[2]

Defendant shareholders Daniel Werbler and Jack Werbler, as well as former officers of Glenbrook, Leonard Fellen, Edith Watstein, and Barbara Feldman were served with a Summons and Complaint in the underlying action in September 2005. In October 2005, the then-law firm

---

[1] Apparently, Virginia Surety Company, Inc., third-party defendant, does not take a position because the Court did not receive any written submissions from them.

[2] The Plaintiffs in this action are the Defendants in the underlying state case.

of Defendants in the state case demanded that Employers Insurance of Wausau ("Wausau") assume the defense and indemnity of Daniel Werbler, Jack Werbler, Leonard Fellen, Edith Watstein, and Barbara Feldman. Wausau agreed to defend those parties in the state case under a reservation of rights.[3]

Around August 2006, however, Wausau refused to provide a defense for Joseph Wilf, Leonard Wilf, and Zygmunt Wilf after they were named as defendants in Plaintiff's Amended Complaint in the state case.

The state case has been proceeding since around November 2005 in the Superior Court of New Jersey. Discovery has involved over twenty (20) parties and eleven (11) different law firms. A discovery master has been appointed by the state court. There are an estimated tens of thousands of pages of documents with additional documents being sought. In addition, expert testimony must still be obtained and there are many more fact witness depositions to occur.

B.      Procedural History

On December 19, 2006, the Plaintiffs commenced this action in the Superior Court of New Jersey seeking a declaratory judgment that Wausau was obligated to provide a defense and indemnification in the state case for Joseph Wilf, Leonard Wilf, and Zygmunt Wilf. The Plaintiffs intended to move to consolidate this Declaratory Judgment action with the underlying action in the Superior Court of New Jersey; however, on February 13, 2007, Wausau, defendant in this action, removed the case to federal court pursuant to 28 U.S.C. § 1332.

---

[3] Wausau issued a comprehensive general liability insurance policy from the period from May 15, 1998 through May 1, 2001.

**III.    DISCUSSION**

    A.    <u>Plaintiffs' Arguments</u>

Plaintiffs argue that if a stay in not granted then the Court is wasting judicial resources, clients' funds, and encroaching upon the province of the state court.

Specifically, Plaintiffs argue that they "intended to move to consolidate this action with the state case, in part to ensure that resources were not wasted duplicating discovery and other proceedings in the Declaratory Judgment action, the resolution of which was viewed as being determined by the facts developed in the underlying action." (Pl.s' Br. at 1.)  Plaintiffs further argue that they "anticipated that the facts of this complex case would be sufficiently complicated that a coverage determination could not properly be made until the completion of significant discovery in the underlying action." *Id.*    Plaintiffs are concerned that there will be unnecessary duplicative litigation "given that the facts developed in the underlying action will likely determine Plaintiffs' right to a defense and coverage." *Id.*  Therefore, Plaintiffs argue that it would be "prudent at this time to stay the declaratory judgment action pending the resolution of the underlying action." *Id.*  Plaintiffs further argue that "[i]n reviewing the discovery demands of Wausau and VSC, and the response of Plaintiffs and counterclaim Defendants, the Court can see the information being sought by the carriers has been or will be produced in the underlying action." *Id.*

    B.    <u>Defendant's Opposition</u>

Defendant argues that a stay is inappropriate because a coverage suit is entirely independent of the underlying suit.  Furthermore, Defendant argues that Plaintiffs should not be permitted to stay this Action because of the entire controversy doctrine, or judicial estoppel.

Specifically, Defendant states that "New Jersey and Federal Courts recognize that

insurers have a right to litigate the duty to defend and indemnify by commencing a separate action for declaratory judgment." (Def.'s Opp. Br. at 3); *see also Jeffer v. Nat'l Union Fire Ins. Co.*, 306 N.J. Super. 82, 92 (App. Div. 1997) ("there must be a proceeding in which the carrier and the insured, represented by counsel of their own choice, may fight out their differences"). Defendant further cites to *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 134 (3d Cir. 2000), stating that there, unlike in the present case, "the insurer, State Auto Insurance Company, commenced the suit that was stayed." (Def.'s Opp. Br. at 3.) Further, [i]n *Summy*, "the Federal Court stayed the declaratory judgment action in favor of a pending State Court action that was specifically addressing coverage issues." *Id.* at 4. Defendant also relies upon *Continental Casualty Co. v. Peerless Industries Inc.*, Civil Action No. 06-4621, 2007 WL 2029298 (E.D. Pa. July 11, 2007), where the district court denied Plaintiff's motion to stay. The court reasoned that "there was no state court action pending that would decide the same issues, nor was there any showing that an applicable area of state law was unsettled." *Id.*

Defendant further cites to *Allstate Ins. Co. v. Century Indemnity Co.*, Civil Action No. 06-4373, 2007 WL 1575012 (E.D. Pa. May 31, 2007), where the district court denied a motion to stay because Defendant made no showing that Allstate's action involved unresolved questions of state law and because there was no state court action pending that dealt with the same issues as those presented by Allstate. (Def.'s Opp. Br. at 5-6.) The court stated that, "Century Indemnity has filed no state-court action in this case. Thus, dismissing this action would advance the interest neither of judicial economy, nor of federal-state relations . . . [t]o reiterate, the Supreme Court has stated that the 'normal principle' is that 'federal court should adjudicate claims within their jurisdiction,' yielding only to 'considerations of practicality and wise judicial administration.'" *Allstate Ins. Co.*, 2007 WL 1575012, *2.

Defendant argues that if the Court grants a stay that it "will deprive the insurer Wausau,

5

of prompt adjudication of the duty to defend, or whether the third-party defendant, Virginia Surety Company, Inc., also has a duty to defend." (Def.'s Opp. Br. at 6.) Defendant also argues that "[t]here is no 'parallel state action' pending that would justify a stay of the present action" and that "no party contends that this action involves issues of unsettled state law." *Id.* Defendant contends that "in the underlying action, the court will address whether defendants breached some contract, tort, or statutory duty to the Plaintiff therein and caused it to suffer damages as a result thereof", but that in the instant action, "the duty to defend will be based upon the natures of the claims alleged, and not the actual facts circumstances, and truths underlying the claims." *Id.* at 7. Indeed, "the court will not address whether the claims alleged trigger a duty to defend under Wausau's policy" in the state case. *Id.*

In support of its arguments, Defendant states that New Jersey law recognizes a "declaratory judgment action addresses issues that are separate and discrete from the issues addressed in an underlying tort action." (Def.'s Opp. Br. at 7-8.)

Defendant also argues that "the entire controversy doctrine does not preclude bringing a coverage suit separate and distinct from the underlying tort action." *Jeffer*, 306 N.J. Super. at 92. It argues that "there is no conflict of interest since Wausau has not agreed to a duty to defend, or participate in the defense of, Plaintiffs Glenbrook Estates, Leonard Wilf, Joseph Wilf, Zygmunt Wilf, and Mark Wilf in the underlying action." *Id.* at 8.[4] Defendant argues that "these Plaintiffs' decision *not* to appoint new counsel must be deemed to be a recognition that the law firm of McElroy, Deutsch, Mulvaney & Carpenter LLP, a law firm not included in the coverage suit, is providing an adequate and independent defense in the underlying action for [these Plaintiffs]."

---

[4] With respect to Daniel Werbler and Jack Werbler, on February 22, 2007, "Wausau issued a letter disclaiming coverage and reserving rights," specifically, advising these Plaintiffs "of their right to assign counsel of their own choice to assume the defense of this matter and to take whatever steps in the defense of this matter [these plaintiffs] deem advisable." (Def.'s Opp. Br. at 2.)

(Def.'s Opp. Br. at 9.)  Defendant contends that "there is no inherent conflict in an insurer pursuing a Declaratory Judgment action in a coverage suit while the underlying action is proceeding."  *Burd v. Sussex Mut. Ins. Co.*, 56 N.J. 383 (1970) (the New Jersey Supreme Court noting that an adequate and independent defense in the underlying action and the coverage suit is the preferred way of proceeding to resolve a coverage dispute).

Defendant also asserts that the doctrine of judicial estoppel precludes Plaintiffs from seeking a stay." (Def.'s Opp. Br. at 10.)  Defendant argues that Plaintiffs have changed their position regarding the Declaratory Judgment Act because they are seeking to stay an action that they themselves initiated.  *Id.* at 10-11.  Thus, they should be precluded from staying this action on the grounds of judicial estoppel.  *Id.*

    C.    <u>Plaintiffs' Response</u>

Plaintiffs responded to Defendant's opposition by arguing that "Wausau has ignored the fact that the coverage issues cannot be decided in this action until fact discovery is completed in the underlying action." (Pl.s' Reply Br. at 3.)  Plaintiffs argue that Defendant "attempts to equate the requested relief with a motion to dismiss under [Fed. R. Civ. P. 12(b)]." *Id.*  Plaintiffs emphasize that they "do not contend that this court lacks jurisdiction over this action; rather, they *contend that this court, and all parties, will be wasting time, money, and resources by pursuing this action before the underlying action is concluded*." *Id.* (emphasis added).

Plaintiffs distinguish both *Allstate Insurance Company v. Century Indemnity Company* and *Continental Casualty Company v. Peerless Insurance Industry*, by stating that in those cases the moving parties sought to dismiss, not stay, the actions." (Pl.s' Reply Br. at 5) (internal citations omitted). Plaintiffs stress that "[n]either of those cases required a factual determination from an underlying action in order to decide coverage, which is in sharp contrast to this action." *Id.*  Also, "in neither [*Allstate* nor *Continental*] was there a pending state court action at the

time." *Id.*

Plaintiffs further argue that the "principles of judicial estoppel have no application here." *Id.* at 7. Plaintiffs contend that in order for judicial estoppel to apply, a party must have taken a position contrary to the position he has already successfully espoused in the same or prior litigation. *See McCurrie v. Town of Kearny*, 174 N.J. 523, 533 (2002). Merely commencing an action, according to Plaintiffs, does not successfully espouse a position concerning whether that action should be stayed in the future. (Pl.s' Reply Br. at 7.) Furthermore, Plaintiffs state that since the Court has not yet accepted any of Plaintiffs' substantive positions, judicial estoppel cannot possibly apply. *Id.*

    D.    Analysis

        1.    *The Motion for Stay of the Federal Proceedings*

Plaintiffs' Motion for a stay of the federal proceedings is granted.

At the outset, the Court notes that the Declaratory Judgment Act, codified at 28 U.S.C. §§ 2201 and 2202, provides that a court "may declare the rights . . . of an interested party, and contemplates that district courts will exercise discretion in determining whether to entertain such actions." *Summy*, 234 F.3d at 133. The Declaratory Judgment Act is unique, and its characteristics were first made clear by the Supreme Court in 1942. There, the Court emphasized that the jurisdiction conferred by the Act was discretionary, and district courts were under no compulsion to exercise its jurisdiction. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942). The Court held that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties" and that "gratuitous interference with the orderly and comprehensive disposition of a state court litigation

should be avoided." *Id.* at 495. Simply put, "in the Declaratory Judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 279 (1995). "In declaratory judgment actions[,] Congress has afforded the federal courts a freedom not present in ordinary diversity suits to consider the state interest in having state courts determine questions of state law." *Summy*, 234 F.3d at 135 (citing *Mitcheson v. Harris*, 955 F.2d 235, 238 (4th Cir. 1992)).

In *Summy*, the court laid out factors that district courts should consider when deciding whether to grant a Motion to stay. They include "(1) a general policy of restraint when the same issues are pending in a state court; (2) an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; and (3) avoidance of duplicative litigation." *Summy*, 234 F.3d at 134 (citing *United States v. Commonwealth of Pennsylvania, Dept. of Env't Res.*, 923 F.2d 1071, 1075 (3d Cir. 1991)); *Mitcheson*, 955 F.2d at 240 (stating that federal courts should decline to exercise its jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation). Moreover, courts "should give serious consideration to the fact that they do not establish state law, but are limited to predicting it." *Summy*, 234 F.3d at 135 (stating that this is "especially important in insurance coverage cases"). Each factor will be discussed in turn.

      i.  Policy of Restraint When the Same Issues Are Pending in State Court

  The first consideration mandates a general policy of restraint when the same issues are pending in state court. *Summy*, 234 F.3d at 134. The issues in determining an insurance company's duty to defend are "not limited to the facts and allegations contained within the four corners of the underlying Complaint; rather, facts outside the Complaint may trigger the duty." *Alexander v. Nat'l Fire Ins.*, 454 F.3d 214, 220 (3d Cir. 2006). Though the state case is different from a declaratory judgment action, the Third Circuit mandates this Court to look beyond the wording of the underlying Complaint in making coverage determinations.

  Given the extensive and complicated character of the discovery in the still developing state case, it would be inappropriate for the Court to conclude at this premature time that the state case and this Action are not similar. In making this determination, the Court would need to assess facts that are not yet established. At present, fact discovery is not complete as not all fact witnesses have been deposed and no expert witness testimony taken. (Pl.s' Br. at 8.)

  In the state case, the issues (i.e., the timing, the construction defects, the entities responsible for the defects) may all be inextricably involved in an ultimate determination of "accident" or occurrence" here. Thus, whether the conduct complained of in this action and the state case fall within purview of these contract terms is subject to a factual determination that cannot be made at this time. As Plaintiffs correctly point out, Defendant's "coverage obligations could be triggered *at any point in time* in the state case." *Id.* (emphasis added).

  By staying this Action, discovery in the state case may substantially aide in determining the outcome of the Declaratory Judgment action at a later, more appropriate time. Indeed, most

of the documents that have been requested for production are the same documents that were – or will be – supplied in the state case. (*See* Pl.s' Br. at 5.)

Because fact discovery is far from complete, the Court cannot make a determination that the Declaratory Judgment actions are necessarily distinct from those currently before the New Jersey Superior Court.

            ii.        Avoiding an Inherent Conflict of Interest

The second *Summy* consideration requires the appraisal of the inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion. *Summy*, 234 F.3d at 134.

In the instant case, Defendant argues that there is no conflict of interest. First, Defendant has not agreed to represent Glenbrook Estates, Inc., Leonard Wilf, Joseph Wilf, Zygmunt Wilf, and Mark Wilf in the state case. (Def.'s Opp. Br. at 8.) Further, Defendant is representing Daniel Werbler and Jack Werbler under a reservation of rights. *Id.* Thus, Defendant concludes, that if a conflict of interest existed, Plaintiffs would not have commenced this Declaratory Judgment action before appointing new counsel. *Id.* at 8-9. Defendant argues that "there is no inherent conflict in an insurer pursuing a declaratory judgment action in a coverage suit while an state case is proceeding." *Id.* at 9. Defendant rests this proposition on *Burd*, which did not address the difficulties inherent when both a coverage action and an underlying action proceed simultaneously.

Although Defendant's arguments are well articulated, it is premature – and indeed risky considering Plaintiffs' position as the insured – for the Court to conclude that there is no inherent conflict of interest. As indicated above, the Court cannot assess the exclusionary aspects of

11

coverage until the full factual story is set forth by the state case. Only then can, and will, the Court decide the merits of the coverage issues. Furthermore, it is problematic that Defendant has been defending some of the Plaintiffs in the state case for roughly two years, since its inception. For Defendant to provide a defense in the state case while at the same trying to prove that Plaintiffs' actions or omissions fall outside the coverage provisions is highly prejudicial to Plaintiffs.

### iii. An Avoidance of Duplicative Litigation

Lastly, the Court must favor the avoidance of duplicative litigation. *Summy*, 234 F.3d at 134. To assess whether a litigation is redundant, the Court must consider the issues litigated. As previously discussed above, the issues in this case are still evolving. Given the extensive and complicated nature of the discovery, and the still developing character of the litigation, there is likely to be duplicative litigation especially with respect to discovery – even if the specific claims are not identical. In the state case, discovery is expansive and complex, which is evidenced by the appointment of a discovery master. The Court would necessarily have to permit some discovery as to the nature of the alleged defects to permit a fair resolution of the coverage issue.

Moreover, Defendant argues that Plaintiffs should not be permitted to stay an action that it itself commenced. The Court does not agree. Although Plaintiff initiated this Declaratory Judgment action, they did so with the belief that the Declaratory Judgment action would be consolidated in state court with the state case. Had that occurred, the Declaratory Judgment action would be part and parcel with the state case, obviating the need for the Court's discussion about duplicative discovery. However, when Defendant removed the Declaratory Judgment action, it was appropriate that Plaintiffs sought to stay the action since this Court cannot make a

coverage determination until certain, largely duplicative discovery has been conducted.

Further, the Court disagrees with Defendant's reliance on both the *Allstate* and *Continental Casualty* cases because they (a) dealt with dismissal and (b) did not have pending state law actions. Here, on the other hand, the state case is pending and this is a motion to stay the proceeding, not a motion to dismiss the case. Moreover, it would be appropriate for the Court to stay this action knowing there will be duplicative discovery and that it cannot factually determine whether there is a conflict of interest or if the issues are similar at this time.

> *2.     Judicial Estoppel*

Judicial estoppel applies "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *Davis v. Wakelee*, 156 U.S. 680, 689 (1895). It is an extraordinary remedy that courts invoke "only 'when a party's inconsistent behavior will otherwise result in a miscarriage of justice.'" *Kimball Int'l, Inc. v. Northfield Metal Prods.*, 334 N.J. Super. 596, 608 (App. Div. 2000) *quoting Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 365 (3d Cir. 1996).

Here, judicial estoppel does not apply because Plaintiffs are not taking a position that is contrary to one that was taken in another action. The Court finds that Plaintiffs have taken the proper course of action, one that is designed to minimize expense to all parties and maximize judicial economy. Put another way, Plaintiffs' course of action is not a "miscarriage of justice".

### IV.     CONCLUSION

The Court is exercising its discretion to stay this case pursuant to the authority granted in the Declaratory Judgment Act.  *Wilton*, 515 U.S. at 287.  Given the Court's findings that discovery in both the federal and state courts is largely duplicative and that determination of both the coverage issues here and the negligence issues in the state court necessitate the need for this Court to await discovery in the state case.  Thus, a stay of the federal court proceedings is an exercise of "wise judicial administration." *Wilton*, 515 U.S. at 279.  Moreover, judicial estoppel does not apply to this case.  Accordingly, Plaintiffs' Motion to stay the Declaratory Judgment action in federal court is granted.  Plaintiffs will advise the Court by letter every 180 days beginning on February 1, 2008 as to the status of the state court proceedings.  An appropriate Order accompanies this Memorandum Opinion.

**DATED: November 29, 2007**